UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY WAYNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INVESTORS NETWORK, JIM SHEAD, ROB RAYFORD, JR., RICK MACNALLY, NATIONAL INVESTORS INSTITUTE, TROY SHAW, and ERIN WERLINI,<br><br>Defendants. | Civil No. 05-1686 (JRT/FLN)<br><br><br><br>**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE** |

Jerry Wayne Smith, 915 Eleventh Avenue South, Suite Five, Hopkins, MN 55343, plaintiff *pro se*.

Sonya R. Braunschweig, **DLA PIPER US LLP**, 90 South Seventh Street, Suite 5100, Minneapolis, MN 55402, for third-party Marriott International, Inc.

Plaintiff sued various defendants for breach of contract, fraud, and negligence in connection with a real estate workshop hosted by defendant National Investors Institute in Minneapolis in August 2004. During the course of discovery, plaintiff sought to compel production of guest registration records held by third-party Marriott International, Inc. ("Marriott").[1] In an Order dated August 17, 2006, United States Magistrate Judge Franklin L. Noel denied plaintiff's motion for production of documents and for sanctions

---

[1] The National Investors Institute workshop was held at the Minneapolis Marriott City Center in August 2004. (Compl. ¶ 5.) Marriott is not a named defendant in this litigation.

against Marriott. The Magistrate Judge determined that plaintiff's subpoenas did not comply with Federal Rule of Civil Procedure 45, and that Marriott properly objected to the form of the subpoenas. A Magistrate Judge's order on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

Marriott argues that the two subpoenas served by plaintiff were facially invalid. Federal Rule 45(a) sets out the requirements for issuing a valid subpoena. *See* Fed. R. Civ. P. 45(a). A subpoena must contain the name of the court, the title of the action, a civil action number, and the documents or items to be produced. Fed. R. Civ. P. 45(a)(1). Under Federal Rule 45(a)(3), the clerk shall issue a signed subpoena "to a party requesting it, who shall complete it before service." Fed. R. Civ. P. 45(a)(3). In addition, "an attorney as officer of the court may also issue and sign a subpoena on behalf of a court in which the attorney is authorized to practice." Fed. R. Civ. P. 45(a)(3)(A). The undisputed record shows that plaintiff's first subpoena was blank, except for the signature of the deputy clerk of court. As such, the Court agrees that the subpoena is invalid under Federal Rule 45(a).

The record further shows that while plaintiff's second subpoena was partially completed, it was not signed as required by Rule 45(a)(3). Marriott therefore objected to the subpoena. Plaintiff now argues that, as a *pro se* litigant, he has the authority to sign and issue subpoenas as an officer of the court under Rule 45(a)(3)(A). However, the undisputed record reveals that the second subpoena was not signed and did not designate the name of the court. Because plaintiff's second subpoena does not comply with the

requirements of Rule 45(a)(3), the Court need not decide whether a *pro se* litigant has the authority to sign and issue a subpoena as an officer of the court.  Moreover, the Magistrate Judge determined that Marriott had produced for plaintiff all identifiable documents relating to the real estate workshop.  The Court therefore cannot say that the Magistrate Judge's Order denying plaintiff's request for production and for sanctions is clearly erroneous or contrary to law.[2]

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's August 17, 2006 Order denying plaintiff's motion for production and for sanctions [Docket No. 80] is **AFFIRMED**.

DATED:   November 27, 2006            s/ John R. Tunheim    _
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                           United States District Judge

---

[2] The Court declines to award Marriott fees and costs associated with responding to plaintiff's objections.  The Court notes that under D. Minn. LR  72.2(a), any party may file objections to the order of a Magistrate Judge, and an opposing party is under no obligation to respond.  As such, the Court concludes that an award of fees and costs to Marriott is inappropriate in this case.